OPINION
{¶ 1} This appeal arises from the Portage County Court of Common Pleas. On January 19, 2001, appellant, David J. Salva, was indicted on one count of aggravated vehicular homicide, a first degree felony; driving while under the influence of alcohol; driving under suspension; operation without reasonable control; and driving with no operator's license.
 {¶ 2} The charges arose from an incident where, at approximately 2:00 a.m. on September 7, 2000, appellant and his friend, Matt Slavkovski, were traveling on State Route 44 in Ravenna, Ohio. Appellant was driving and Slavkovski was in the front passenger seat. Their vehicle approached a curve, near which signs were posted indicating the speed limit was twenty miles per hour. Appellant lost control of the vehicle and collided into a concrete bridge abutment. Speed calculations performed by the Ohio State Highway Patrol revealed that appellant's estimated speed was approximately forty-five miles per hour. An engine fire erupted, and a bystander stopped and pulled appellant and Slavkovski out of the burning vehicle. Paramedics arrived shortly and found Slavkovski to be completely unresponsive with slow, decreasing respiration. Slavkovski subsequently died two days later at the hospital. Appellant was transported from the scene to Akron General Hospital for injuries to his finger and face. Appellant admitted en route to drinking alcohol prior to the accident.
 {¶ 3} Appellant was subsequently indicted on one count of aggravated vehicular homicide, a first degree felony; driving while under the influence of alcohol; driving under suspension; operation without reasonable control; and driving with no operator's license. He entered a plea of not guilty. The matter proceeded to a jury trial on July 19, 2001. The trial court granted appellant's Crim.R. 29 motion to dismiss the charge of driving while under suspension, and the additional finding of driving under suspension required for a conviction of aggravated vehicular homicide as a first degree felony. The state presented evidence from an expert in toxicology that appellant's blood alcohol content was .09 when drawn at 4:00 a.m., approximately two hours after the crash. The expert then concluded that appellant's blood alcohol content was approximately .13 at the time of the crash.
 {¶ 4} The jury ultimately found appellant guilty of aggravated vehicular homicide, a second degree felony; driving under the influence of alcohol; and failure to control. On November 16, 2001, appellant was sentenced to three years imprisonment for the aggravated vehicular homicide count and three days for driving under the influence of alcohol, to be served concurrently. Appellant also received a lifetime suspension of his Ohio driver's license.
 {¶ 5} Appellant filed a motion for a delayed appeal, pursuant to App.R. 5(A), with this court on July 12, 2002. This court granted appellant's motion for a delayed appeal on August 29, 2002.
 {¶ 6} Appellant's cites a single assignment of error:
 {¶ 7} "The trial court erred in sentencing appellant on the aggravated vehicular homicide count by failing to impose the minimum sentence as required by Revised Code Section 2929.14(B)."
 {¶ 8} In his assignment of error, appellant argues that the evidence in the record does not support the imposition of more than a minimum sentence.
 {¶ 9} An appellate court reviews a felony sentence de novo.[1] This court will reverse a sentence imposed by the trial court only if the appellant demonstrates "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[2]
 {¶ 10} Aggravated vehicular homicide, codified as R.C.2903.06, is a felony in the second degree. It requires a mandatory prison term.[3] A second degree felony carries a possible prison term ranging from two to eight years.[4]
When sentencing an offender who has never previously served a prison term, the trial court is required to impose the shortest prison term required for the offense, unless the court makes a finding on the record that the shortest term will demean the seriousness of the offender's conduct, or will not adequately protect the public from future crimes by the offender.[5]
 {¶ 11} The court must note in the record that it properly analyzed the offender's conduct under the statute and determined that the shortest sentence was not adequate.[6] The Supreme Court of Ohio recently held in State v. Comer that, when imposing a non-minimum sentence on a first offender pursuant to R.C. 2929.14(B), the trial court is required to make its statutorily-sanctioned findings on the record at the sentencing hearing.[7]
 {¶ 12} A review of the record in the instant case reveals that the trial court fully complied with R.C. 2929.14(B) andComer when it imposed more than the shortest prison term. During the sentencing hearing, the court made the following finding:
 {¶ 13} "In looking at his prior record, it's clear the defendant has never been to prison before, so therefore there is a presumption for the shortest prison term, unless the Court finds that it demeans the seriousness of the offense or does not adequately protect the public. The Court would find that it does demean the seriousness of the offense, in that another person lost his life while the defendant was under the influence of alcohol."
 {¶ 14} We find this to be proper and in full compliance with the statute, Comer, and this court's application thereof. Therefore, based on the foregoing, we find the trial court did not err in imposing more than the shortest prison term.
 {¶ 15} Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
Ford, P.J., and Rice, J., concur.
[1] State v. Fisher, 11th Dist. No. 2002-L-020, 2003-Ohio-3499, at ¶ 10.
[2] (Citation omitted.) State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at *3.
[3] See R.C. 2929.13(F)(4).
[4] See R.C. 2929.14(A)(2).
[5] R.C. 2929.14(B).
[6] State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
[7] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus.